

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1972

Honorable Preston Smith
Governor of Texas
State Capitol Building
Austin, Texas   78711

Opinion No. M- 1283

Re:   Several questions relating to
the interpretation and appli-
cation of the amendment to
Article VIII, Section 1-b, of
the Constitution of Texas,
adopted at the general election
in November 1972.

Dear Governor Smith:

Your request for an opinion asks the following questions:

"(1)   In the event that twenty percent of
the voters who voted in the last preceding
election held by the political subdivision,
petition the governing body of a political
subdivision, and an election is called, would
the majority vote then be binding on the
governing body of that political subdivision?

"(2)   What courses of action might be
available to insure that a governing body
acts in compliance with the mandate of the
majority vote?

"(3)   Does the amendment provide specifi-
cally or by implication a maximum amount for
homestead exemptions provided by the local
governing body?

"(4)   Is legislative action necessary to
implement the provisions of this amendment, or
is it in full force and effect after January 1,
1973?"

Section 1-b of Article VIII of the Constitution of Texas
provides:

"Section 1-b.   (a)   Three Thousand Dollars
($3,000) of the assessed taxable value of all
residence homesteads as now defined by law shall
be exempt from all taxation for all State purposes.

-6296-

"(b)   From and after January 1, 1973, the
governing body of any county, city, town, school
district, or other political subdivision of the
State may exempt by its own action not less than
Three Thousand Dollars ($3,000) of the assessed
value of residence homesteads of persons sixty-
five (65) years of age or older from all ad
valorem taxes thereafter levied by the political
subdivision.  As an alternative, upon receipt of
a petition signed by twenty percent (20%) of the
voters who voted in the last preceding election
held by the political subdivision, the governing
body of the subdivision shall call an election
to determine by majority vote whether an amount
not less than Three Thousand Dollars ($3,000)
as provided in the petition, of the assessed
value of residence homesteads of persons
sixty-five (65) years of age or over shall
be exempt from ad valorem taxes thereafter
levied by the political subdivision.  Where
any ad valorem tax has theretofore been pledged
for the payment of any debt, the taxing officers
of the political subdivision shall have au-
thority to continue to levy and collect the
tax against the homestead property at the same
rate as the tax so pledged until the debt is
discharged, if the cessation of the levy would
impair the obligation of the contract by which
the debt was created."   (Emphasis added.)

An analysis of the foregoing constitutional provision
reveals that the governing body of the various political subdivisions
of the State may authorize the exemption on its own action and the
exemption is required when a majority vote determines that the exemp-
tion shall be allowed with the exception that the governing body has
the authority to continue to levy and collect the tax if the tax is
pledged for the payment of a debt.  Your questions are accordingly
answered as follows:

(1)   In the event that twenty percent of the voters who
voted in the last preceding election held by the political sub-
division, petition the governing body of a political subdivision,
and an election is called, the majority vote would then be binding
on the governing body of that political subdivision.

(2)   In the event of an affirmative vote to allow the
exemption, such exemption becomes an automatic exemption provided

for in Section 1-b of Article VIII of the Constitution of Texas.

(3)   No maximum amount for homestead exemptions is provided in Section 1-b of Article VIII of the Constitution of Texas; on the contrary, the exemption is for not less than $3,000.00 of the assessed value of residential homesteads of persons sixty-five years of age or older.

(4)   No legislation is necessary to implement the provisions of Section 1-b of Article VIII of the Constitution of Texas.  Legislation could not add to or diminish the exemptions provided therein.

### S U M M A R Y

Without enabling legislation the governing bodies of the various political subdivisions of the State, pursuant to the provisions of Section 1-b of Article VIII of the Constitution of Texas, may on their own action provide for homestead exemptions specified therein.  A majority vote at an election to determine whether the exemption shall be authorized is however, binding on the governing body of that political subdivision.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman
Bob Lattimore
Jack Sparks
John Banks
Marvin Sentell

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant